AO 91 (Rev. 11/11)  Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 2:21-mj-392 |
| BRIAN FREELAND | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of __November 30, 2020__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) | Knowingly and intentionally possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

TFO CHRISTOPHER ELLISON, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

Date: 6/2/2021

City and state: COLUMBUS, OHIO

Chelsey M Vascura - United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher L. Ellison, (hereafter referred to as the Affiant) being duly sworn depose and state:

1. I am employed as a Sergeant for the Ohio State Highway Patrol, currently assigned full-time as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the State of Ohio as a "Law Enforcement Officer," as defined in the Ohio Revised Code Section 2901.01 since 2004. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Revised Code.

2. Prior to being assigned to the DEA Task Force, your affiant was the assistant commander of an inter-agency collaborative between the Ohio State Highway Patrol, Cincinnati Police Department, and DEA – Cincinnati from 2017-2018, the assistant commander of the Ohio State Highway Patrol Wilmington District Criminal Patrol Unit from 2016 – 2017, assigned as a Task Force Officer with the West Central Ohio Crime Task Force in Lima, Ohio from 2014 – 2016, and assigned as a road patrol trooper from 2004 – 2014.

3. During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances. As a task force officer and police officer, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, houses used for trafficking and consuming of narcotics, and have participated in numerous arrests for drug related offenses. I have drafted and conducted supervisor review of numerous search warrants. In addition, I have participated in investigations and successful prosecution of individuals and organizations involved in trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§ 801.

## PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of an application for a federal arrest warrant and criminal complaint against:

    a. **BRIAN FREELAND** for knowingly and intentionally possessing with the intent to distribute controlled substances, namely: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and

    b. **REBECCA FREELAND** for knowingly and intentionally possessing with the intent to distribute controlled substances, namely: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

5. My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that **BRIAN FREELAND** and **REBECCA FREELAND** have committed the above-referenced violations.

## FACTS SUPPORTING PROBABLE CAUSE

6. On November 30, 2020, the Ohio State Highway Patrol (OSP) Vehicle Theft and Fraud Unit (VTFU) was conducting a stolen vehicle investigation involving a Dodge Ram truck that was believed to be a stolen vehicle using a cloned vehicle identification number (VIN). VTFU investigators observed the vehicle parked near 73 Dakota Avenue in Columbus, Ohio. VTFU investigators observed a male, identified as BRIAN FREELAND exit the residence at 65 Dakota Avenue carrying a black backpack and drive away in the Dodge Ram truck.

7. As part of the stolen vehicle investigation, TFU investigators requested assistance from uniform OSP troopers to make a traffic stop on the truck. VTFU investigators confirmed the vehicle was reported as stolen. VTFU investigators then questioned B.F. about the Dodge Ram truck and its contents. B.F. stated the backpack was not his. VTFU investigators opened the backpack and located methamphetamine inside. The methamphetamine was sent to the OSP Crime Laboratory and was confirmed to be approximately 58.4757 grams of methamphetamine. BRIAN FREELAND further advised that he was staying at an Airbnb located at 65 Dakota Avenue with his wife, REBECCA FREELAND.

8. Shortly thereafter, REBECCA FREELAND arrived on the scene of the traffic stop without being called to the scene. Your Affiant made a consensual contact with REBECCA FREELAND who stated the that she was married to BRIAN FREELAND and they were staying together at an Airbnb residence located at 65 Dakota Avenue in Columbus. REBECCA FREELAND stated she had rented the Airbnb and was the only person listed on the rental agreement.

9. Your Affiant asked REBECCA FREELAND for consent to search the residence at 65 Dakota Avenue and she voluntarily granted both verbal and written consent to search. Your Affiant, VTFU, and Columbus Division of Police (CPD) investigators conducted a search of the residence resulting in the discovery of the following evidence:

    a. multiple packages of disposable cannabis cartridges, multiple packages of cannabis edibles, marijuana drug pipes, and a small bag of suspected methamphetamine located inside a plastic storage tote that was on the kitchen table; and

    b. a bag of suspected methamphetamine and a bag of marijuana located in the second level northwest bedroom.

The suspected methamphetamine was submitted to the Columbus Police Department Crime Laboratory for analysis and confirmed to be approximately 222.355 grams of methamphetamine. No analysis was performed on the on marijuana.

10. During initial questioning of REBECCA FREELAND, she provided your Affiant with a phone number ending in 8630 as her current contact information. On December 4, 2020, your Affiant applied for and received a search warrant for Verizon Wireless, the service provider for REBECCA FREELAND's phone, seeking records for stored SMS (text) message content. Verizon Wireless provided stored records between the date of the traffic stop, November 30, 2020, and December 4, 2020. Upon reviewing those records, your Affiant noted the following text messages between REBECCA FREELAND and an unknown individual utilizing a number ending in 8513 regarding the search of 65 Dakota Avenue:

| | |
|---|---|
| REBECCA: | "They asked where he was staying " |
| REBECCA: | "He gave them my fucking address " |
| REBECCA: | "They searched my house " |
| REBECCA: | "They took everything " |
| PH8513: | "O shit" |
| REBECCA: | "Bc they weren't able to determine who the items in the house belonged they didn't arrest me " |
| REBECCA: | "I'm so upset he did that \nHe fucking knew better " |
| PH8513: | "Luck" |
| REBECCA: | "Didn't even give me a heads up " |
| PH8513: | "No shit that's fucked up" |
| REBECCA: | "The got all the trees and I had just got some new really good shit " |
| REBECCA: | "Carts and edibles " |
| REBECCA: | "And over a half pound of jewelry" |

Based on training and experience, your Affiant believes the conversation between REBECCA FREELAND and an unknown person is discussing the search of 65 Dakota Avenue which resulted in law enforcement seizing marijuana, THC products, and over a half a pound of methamphetamine. Your Affiant is aware that "trees" is street slang for marijuana, "carts and edibles" is street slang for THC products, and "jewelry" is street slang for methamphetamine. Your Affiant further believes REBECCA FREELAND is admitting ownership of the drugs located and seized from inside 65 Dakota Avenue.

11. Based upon my experience and training, I am aware that the above quantities of drugs possessed by BRAIN FREELAND and REBECCA FREELAND are distribution quantities.

12. Based upon this information, your affiant believes probable cause exits that on the above date, in the Southern District of Ohio, **BRIAN FREELAND** did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Your affiant further believes probable cause exits that on the above date, in the Southern District of Ohio, **REBECCA FREELAND** did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

Christopher Ellison
Task Force Officer
Drug Enforcement Administration

Sworn before me on this __2__ day of June, 2021, in Columbus, Ohio.

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE